**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| INTRAVISUAL INC., | |
| Plaintiff, | |
| v. | Civil Case No. 2:10-cv-90 |
| FUJITSU MICROELECTRONICS AMERICA, INC.; MARVELL SEMICONDUCTOR, INC.; NEC ELECTRONICS AMERICA, INC.; NVIDIA CORPORATION; NXP SEMICONDUCTORS USA, INC.; QUALCOMM INC.; SAMSUNG SEMICONDUCTOR, INC.; STMICROELECTRONICS, INC.; TEXAS INSTRUMENTS, INC.; AND TRIDENT MICROSYSTEMS, INC., | JURY DEMANDED |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Intravisual Inc. files this complaint for patent infringement against Defendants Fujitsu Microelectronics America, Inc.; Marvell Semiconductor, Inc.; NEC Electronics America, Inc.; NVIDIA Corporation; NXP Semiconductors USA, Inc.; Qualcomm Inc.; Samsung Semiconductor, Inc.; STMicroelectronics, Inc.; Texas Instruments, Inc.; and Trident Microsystems, Inc., and alleges as follows:

**THE PARTIES**

1.  Intravisual Inc. ("Intravisual") is a Texas corporation having its principal place of business at 400 South Alamo Boulevard, Marshall, Texas 75670.

2. Fujitsu Microelectronics America, Inc. ("Fujitsu") is a California corporation having its principal place of business at 1250 E. Arques Avenue, M/S 333, Sunnyvale, California 94085-5401.

3. Marvell Semiconductor, Inc. ("Marvell") is a California corporation having its principal place of business at 5488 Marvell Lane, Santa Clara, California 95054.

4. NEC Electronics America, Inc. ("NEC") is a California corporation having its principal place of business at 2880 Scott Boulevard, Santa Clara, California 95050-2554.

5. NVIDIA Corporation ("NVIDIA") is a Delaware corporation having its principal place of business at 2701 San Tomas Expressway, Santa Clara, California 95050.

6. NXP Semiconductors USA, Inc. ("NXP") is a Delaware corporation having its principal place of business at 1109 McKay Drive, San Jose, California 95131.

7. Qualcomm, Inc. ("Qualcomm") is a Delaware corporation having its principal place of business at 5775 Morehouse Drive, San Diego, California 92121-1714.

8. Samsung Semiconductor, Inc. ("SSI") is a California corporation having its principal place of business at 3655 North First Street, San Jose, California 95134.

9. STMicroelectronics, Inc. ("STMicroelectronics") is a Delaware corporation having its principal place of business at 1310 Electronics Drive, Carrollton, Texas 75006-5039.

10. Texas Instruments, Inc. ("Texas Instruments") is a Delaware corporation having its principal place of business at 12500 TI Boulevard, P.O. Box 660199, Dallas, Texas 75266-0199.

11. Trident Microsystems, Inc. ("Trident") is a Delaware corporation having its principal place of business at 3408 Garrett Drive, Santa Clara, California 95054-2803.

**JURISDICTION AND VENUE**

12. This is a claim for patent infringement and arises under the laws of the United States, Title 35 of the United States Code.

13. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. This Court has personal jurisdiction over Fujitsu because, upon information and belief, Fujitsu has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Fujitsu would not offend traditional notions of fair play and substantial justice. Moreover, Fujitsu is registered to do business in the State of Texas and it identifies CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201, as its registered agent.

15. This Court has personal jurisdiction over Marvell because, upon information and belief, Marvell has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Marvell would not offend traditional notions of fair play and substantial justice. Moreover, Marvell is registered to do business in the State of Texas and it identifies CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201, as its registered agent.

16. This Court has personal jurisdiction over NEC because, upon information and belief, NEC has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over NEC would not offend traditional notions of fair play and substantial justice. Moreover, NEC is registered to do business in the State of Texas and it identifies CT Corporation System, 350 North Saint Paul Street, Dallas, Texas 75201, as its registered agent.

17. This Court has personal jurisdiction over NVIDIA because, upon information and belief, NVIDIA has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over NVIDIA would not offend traditional notions of fair play and substantial justice. Moreover, NVIDIA is registered to do business in the State of Texas and it identifies Corporation Service Company, 211 E. Seventh Street, Suite 620, Austin, Texas 78701-3218, as its registered agent.

18. This Court has personal jurisdiction over NXP because, upon information and belief, NXP has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over

NXP would not offend traditional notions of fair play and substantial justice.  Moreover, NXP is registered to do business in the State of Texas and it identifies Corporation Service Company, 211 E. Seventh Street, Suite 620, Austin, Texas 78701-3218, as its registered agent.

19. This Court has personal jurisdiction over Qualcomm because, upon information and belief, Qualcomm has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Qualcomm would not offend traditional notions of fair play and substantial justice.  Moreover, Qualcomm is registered to do business in the State of Texas and it identifies Prentice Hall Corp. System, 211 E. Seventh Street, Suite 620, Austin, Texas 78701-3218, as its registered agent.

20. This Court has personal jurisdiction over SSI because, upon information and belief, SSI has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over SSI would not offend traditional notions of fair play and substantial justice.  Moreover, SSI is registered to do business in the State of Texas and it identifies National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062, as its registered agent.

21. This Court has personal jurisdiction over STMicroelectronics because, upon information and belief, STMicroelectronics has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over STMicroelectronics would not offend traditional notions of fair play and substantial justice.  Moreover, STMicroelectronics maintains a place of business within the State of Texas, including, but not limited to a location at 1310 Electronics Drive, Mail Station 2308, Carrollton, Texas 75006-5039.

22. This Court has personal jurisdiction over Texas Instruments because, upon information and belief, Texas Instruments has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Texas Instruments would not offend traditional notions of fair

play and substantial justice.  Moreover, Texas Instruments maintains a place of business within the State of Texas, including, but not limited to a location at 12500 TI Boulevard, P.O. Box 660199, Dallas, Texas 75243.

23. This Court has personal jurisdiction over Trident because, upon information and belief, Trident has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Trident would not offend traditional notions of fair play and substantial justice.  Moreover, Trident maintains places of business within the State of Texas, including, but not limited to a location at 9020 North Capital of Texas Highway, Building 2, Suite 545, Austin, Texas, 78759-7236.

24. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because, upon information and belief, Fujitsu, Marvell, NEC, NVIDIA, NXP, Qualcomm, SSI, STMicroelectronics, Texas Instruments, and Trident have committed acts of direct and indirect infringement in the Eastern District of Texas and have transacted business in the Eastern District of Texas.

## THE PATENT-IN-SUIT

25. Intravisual owns and has standing to sue for infringement of United States Patent No. 6,614,845 ("the '845 patent") (attached as Exhibit A), entitled "Method and Apparatus for Differential Macroblock Coding for Intra-Frame Data in Video Conference Systems."

26. The '845 patent was duly and legally issued by the United States Patent and Trademark Office on September 2, 2003, and has been duly and legally assigned to Intravisual.

## COUNT ONE
## FUJITSU'S INFRINGEMENT OF THE PATENT-IN-SUIT

27. Intravisual realleges and incorporates by reference paragraphs 1-26 above.

28. Upon information and belief, ITU-T Recommendation H.264, Advanced Video Coding For Generic Audiovisual Services, also known as ISO/IEC 14496-10, H.264/MPEG-4-

AVC, H.264/AVC, and MPEG-4 Part 10 AVC (hereinafter "H.264") is a standard for compressing and decompressing digital video.

29. Upon information and belief, Fujitsu has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to Fujitsu products with the following model numbers: MB86H51, MB86H55, MB86H56, and MB86H60.

30. Upon information and belief, Fujitsu has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including, but not limited to Fujitsu products with the following model numbers: MB86H51, MB86H55, MB86H56, and MB86H60, throughout the United States, including in this judicial district.

31. Upon information and belief, Fujitsu also has actively induced others to infringe and contributed to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to Fujitsu products with the following model numbers: MB86H51, MB86H55, MB86H56, and MB86H60, with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

32. Upon information and belief, Fujitsu will continue its infringing acts unless restrained from doing so by this Court.

33. Intravisual has been damaged by the infringing acts of Fujitsu.

## COUNT TWO
## MARVELL'S INFRINGEMENT OF THE PATENT-IN-SUIT

34. Intravisual realleges and incorporates by reference paragraphs 1-33 above.

35. Upon information and belief, Marvell has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video

decoders that comply with H.264, including, but not limited to Marvell products with the following model numbers: ARMADA™ 510, ARMADA™ 610, ARMADA™ 618, and ARMADA™ 1000.

36. Upon information and belief, Marvell has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including, but not limited to Marvell products with the following model numbers: ARMADA™ 510, ARMADA™ 610, ARMADA™ 618, and ARMADA™ 1000, throughout the United States, including in this judicial district.

37. Upon information and belief, Marvell also has actively induced others to infringe and contributed to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to Marvell products with the following model numbers: ARMADA™ 510, ARMADA™ 610, ARMADA™ 618, and ARMADA™ 1000, with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

38. Upon information and belief, Marvell will continue its infringing acts unless restrained from doing so by this Court.

39. Intravisual has been damaged by the infringing acts of Marvell.

## COUNT THREE
## NEC'S INFRINGEMENT OF THE PATENT-IN-SUIT

40. Intravisual realleges and incorporates by reference paragraphs 1-39 above.

41. Upon information and belief, NEC has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to NEC products with the following model numbers: µPD61300, µPD61303, µPD61304, µPD61305, µPD61306, µPD61307, µPD61308, µPD61309, µPD61310, µPD61311, µPD61312, µPD61313, µPD61314, µPD61315,

µPD61316, µPD61317 µPD61318, µPD61319, µPD61320, µPD61321, µPD61334A, MC10085, MC10086, MC10087, MC10088, MC-10092, and MC-10121.

42. Upon information and belief, NEC has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including, but not limited to NEC products with the following model numbers:  µPD61300, µPD61303, µPD61304, µPD61305, µPD61306, µPD61307, µPD61308, µPD61309, µPD61310, µPD61311, µPD61312, µPD61313, µPD61314, µPD61315, µPD61316, µPD61317 µPD61318, µPD61319, µPD61320, µPD61321, µPD61334A, MC10085, MC10086, MC10087, MC10088, MC-10092, and MC-10121, throughout the United States, including in this judicial district.

43. Upon information and belief, NEC also has actively induced others to infringe and contributed to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to NEC products with the following model numbers: µPD61300, µPD61303, µPD61304, µPD61305, µPD61306, µPD61307, µPD61308, µPD61309, µPD61310, µPD61311, µPD61312, µPD61313, µPD61314, µPD61315, µPD61316, µPD61317 µPD61318, µPD61319, µPD61320, µPD61321, µPD61334A, MC10085, MC10086, MC10087, MC10088, MC-10092, and MC-10121, with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

44. Upon information and belief, NEC will continue its infringing acts unless restrained from doing so by this Court.

45. Intravisual has been damaged by the infringing acts of NEC.

## COUNT FOUR
## NVIDIA'S INFRINGEMENT OF THE PATENT-IN-SUIT

46. Intravisual realleges and incorporates by reference paragraphs 1-45 above.

47. Upon information and belief, NVIDIA has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to NVIDIA products with the following model numbers: Tegra™ 600, Tegra™ 650, Tegra™ APX 2500, and Tegra™ APX 2600.

48. Upon information and belief, NVIDIA has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including, but not limited to NVIDIA products with the following model numbers: Tegra™ 600, Tegra™ 650, Tegra™ APX 2500, and Tegra™ APX 2600, throughout the United States, including in this judicial district.

49. Upon information and belief, NVIDIA also has actively induced others to infringe and contributed to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to NVIDIA products with the following model numbers: Tegra™ 600, Tegra™ 650, Tegra™ APX 2500, and Tegra™ APX 2600, with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

50. Upon information and belief, NVIDIA will continue its infringing acts unless restrained from doing so by this Court.

51. Intravisual has been damaged by the infringing acts of NVIDIA.

## COUNT FIVE
## NXP'S INFRINGEMENT OF THE PATENT-IN-SUIT

52. Intravisual realleges and incorporates by reference paragraphs 1-51 above.

53. Upon information and belief, NXP has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to NXP products with the following

model numbers:  TV543, TV550, CX2450x, PNX8336, PNX1700EH, PNX1701EH, PNX1702EH, PNX1500E, PNX1501E, and PNX1502E.

54. Upon information and belief, NXP has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including, but not limited to NXP products with the following model numbers:  TV543, TV550, CX2450x, PNX8336, PNX1700EH, PNX1701EH, PNX1702EH, PNX1500E, PNX1501E, and PNX1502E, throughout the United States, including in this judicial district.

55. Upon information and belief, NXP also has actively induced others to infringe and contributed to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to NXP products with the following model numbers:  TV543, TV550, CX2450x, PNX8336, PNX1700EH, PNX1701EH, PNX1702EH, PNX1500E, PNX1501E, and PNX1502E, with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

56. Upon information and belief, NXP will continue its infringing acts unless restrained from doing so by this Court.

57. Intravisual has been damaged by the infringing acts of NXP.

## COUNT SIX
## QUALCOMM'S INFRINGEMENT OF THE PATENT-IN-SUIT

58. Intravisual realleges and incorporates by reference paragraphs 1-57 above.

59. Upon information and belief, Qualcomm has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to Qualcomm's Snapdragon Processors.

60. Upon information and belief, Qualcomm has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including, but not limited to Qualcomm's Snapdragon Processors, throughout the United States, including in this judicial district.

61. Upon information and belief, Qualcomm also has actively induced others to infringe and contributed to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to Qualcomm's Snapdragon Processors, with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

62. Upon information and belief, Qualcomm will continue its infringing acts unless restrained from doing so by this Court.

63. Intravisual has been damaged by the infringing acts of Qualcomm.

## COUNT SEVEN
## SSI'S INFRINGEMENT OF THE PATENT-IN-SUIT

64. Intravisual realleges and incorporates by reference paragraphs 1-63 above.

65. Upon information and belief, SSI has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to SSI products with the following model numbers:  S5PC100 and S3C6410.

66. Upon information and belief, SSI has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including, but not limited to SSI products with the following model numbers:  S5PC100 and S3C6410, throughout the United States, including in this judicial district.

67. Upon information and belief, SSI also has actively induced others to infringe and contributed to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to SSI products with the following model numbers: S5PC100 and S3C6410, with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

68. Upon information and belief, SSI will continue its infringing acts unless restrained from doing so by this Court.

69. Intravisual has been damaged by the infringing acts of SSI.

## COUNT EIGHT
## STMICROELECTRONICS' INFRINGEMENT OF THE PATENT-IN-SUIT

70. Intravisual realleges and incorporates by reference paragraphs 1-69 above.

71. Upon information and belief, STMicroelectronics has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to STMicroelectronics products with the following model numbers: STi5200, STi5202, STi5205, STi5211, STi5267, STi5289, STi7100, STi7101, STi7105, STi7106, STi7108, STi7109, STi7111, STi7141, STi7162, and STi7200.

72. Upon information and belief, STMicroelectronics has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including, but not limited to STMicroelectronics products with the following model numbers: STi5200, STi5202, STi5205, STi5211, STi5267, STi5289, STi7100, STi7101, STi7105, STi7106, STi7108, STi7109, STi7111, STi7141, STi7162, and STi7200, throughout the United States, including in this judicial district.

73. Upon information and belief, STMicroelectronics also has actively induced others to infringe and contributed to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to STMicroelectronics products with the following model numbers: STi5200, STi5202, STi5205, STi5211, STi5267, STi5289, STi7100, STi7101, STi7105, STi7106, STi7108, STi7109, STi7111, STi7141, STi7162, and STi7200, with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

74. Upon information and belief, STMicroelectronics will continue its infringing acts unless restrained from doing so by this Court.

75. Intravisual has been damaged by the infringing acts of STMicroelectronics.

## COUNT NINE
## TEXAS INSTRUMENTS' INFRINGEMENT OF THE PATENT-IN-SUIT

76. Intravisual realleges and incorporates by reference paragraphs 1-75 above.

77. Upon information and belief, Texas Instruments has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to Texas Instruments products with the following model numbers: OMAP3525, OMAP3530, TMS320DM365-270, TMS320DM365-300, TMS320DM641-500, TMS320DM641-600, TMS320DM642-500, TMS320DM642-600, TMS320DM642-720, TMS320DM6433-400, TMS320DM6433-500, TMS320DM6433-600, TMS320DM6433-700, TMS320DM643-500, TMS320DM643-600, TMS320DM6437-400, TMS320DM6437-500, TMS320DM6437-600, TMS320DM6437-700, TMS320DM6441-405, TMS320DM6441-513, TMS320DM6443-594, TMS320DM6446-513, TMS320DM6446-594, TMS320DM6467-594, TMS320DM6467-729, TMS320DM647-720, TMS320DM647-900, TMS320DM648-720, and TMS320DM648-900.

78. Upon information and belief, Texas Instruments has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including, but not limited to Texas Instruments products with the following model numbers:  OMAP3525, OMAP3530, TMS320DM365-270, TMS320DM365-300, TMS320DM641-500, TMS320DM641-600, TMS320DM642-500, TMS320DM642-600, TMS320DM642-720, TMS320DM6433-400, TMS320DM6433-500, TMS320DM6433-600, TMS320DM6433-700, TMS320DM643-500, TMS320DM643-600, TMS320DM6437-400, TMS320DM6437-500, TMS320DM6437-600, TMS320DM6437-700, TMS320DM6441-405, TMS320DM6441-513, TMS320DM6443-594, TMS320DM6446-513, TMS320DM6446-594, TMS320DM6467-594, TMS320DM6467-729, TMS320DM647-720, TMS320DM647-900, TMS320DM648-720, and TMS320DM648-900, throughout the United States, including in this judicial district.

79. Upon information and belief, Texas Instruments also has actively induced others to infringe and contributed to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to Texas Instruments products with the following model numbers:  OMAP3525, OMAP3530, TMS320DM365-270, TMS320DM365-300, TMS320DM641-500, TMS320DM641-600, TMS320DM642-500, TMS320DM642-600, TMS320DM642-720, TMS320DM6433-400, TMS320DM6433-500, TMS320DM6433-600, TMS320DM6433-700, TMS320DM643-500, TMS320DM643-600, TMS320DM6437-400, TMS320DM6437-500, TMS320DM6437-600, TMS320DM6437-700, TMS320DM6441-405, TMS320DM6441-513, TMS320DM6443-594, TMS320DM6446-513, TMS320DM6446-594, TMS320DM6467-594, TMS320DM6467-729, TMS320DM647-720, TMS320DM647-900, TMS320DM648-720, and TMS320DM648-900, with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

80. Upon information and belief, Texas Instruments will continue its infringing acts unless restrained from doing so by this Court.

81. Intravisual has been damaged by the infringing acts of Texas Instruments.

## COUNT TEN
## TRIDENT'S INFRINGEMENT OF THE PATENT-IN-SUIT

82. Intravisual realleges and incorporates by reference paragraphs 1-81 above.

83. Upon information and belief, Trident has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to Trident products with the following model numbers: CX2450x, PNX8336, PNX8543, PNX8550x, PNX1700EH, PNX1701EH, PNX1702EH, PNX1500E, PNX1501E, and PNX1502E.

84. Upon information and belief, Trident has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including, but not limited to Trident products with the following model numbers: CX2450x, PNX8336, PNX8543, PNX8550x, PNX1700EH, PNX1701EH, PNX1702EH, PNX1500E, PNX1501E, and PNX1502E, throughout the United States, including in this judicial district.

85. Upon information and belief, Trident also has actively induced others to infringe and contributed to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to Trident products with the following model numbers: CX2450x, PNX8336, PNX8543, PNX8550x, PNX1700EH, PNX1701EH, PNX1702EH, PNX1500E, PNX1501E, and PNX1502E, with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

86. Upon information and belief, Trident will continue its infringing acts unless restrained from doing so by this Court.

87. Intravisual has been damaged by the infringing acts of Trident.

**PRAYER FOR RELIEF**

WHEREFORE, Intravisual demands judgment against Fujitsu, Marvell, NEC, NVIDIA, NXP, Qualcomm, SSI, STMicroelectronics, Texas Instruments, and Trident including their affiliates, officers, agents, servants, employees, and all persons in active concert or participation with them, as follows:

A. A permanent injunction prohibiting Fujitsu, Marvell, NEC, NVIDIA, NXP, Qualcomm, SSI, STMicroelectronics, Texas Instruments, and Trident from further acts of infringement of the '845 patent;

B. An award to Intravisual of such damages under 35 U.S.C. § 284 as it shall prove against Fujitsu, Marvell, NEC, NVIDIA, NXP, Qualcomm, SSI, STMicroelectronics, Texas Instruments, and Trident for infringement of the '845 patent, together with pre-judgment and post-judgment interest;

C. An award to Intravisual of the costs of this action and its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

D. Such other and further relief as this Court may deem just and appropriate.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Intravisual demands a trial by jury.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: March 15, 2010 | /s/ Alan M. Fisch |
|  | Alan M. Fisch |
|  | District of Columbia Bar No. 453068 |
|  | KAYE SCHOLER LLP |
|  | The McPherson Building |
|  | 901 Fifteenth Street, NW |
|  | Washington, DC. 20005-2327 |
|  | (202) 682-3500 telephone |
|  | (202) 682-3580 facsimile |
|  | Email: alan.fisch@kayescholer.com |
|  |  |
|  | *Attorney for Intravisual Inc.* |