IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INTRAVISUAL INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 2:10-CV-90-TJW |
| FUJITSU MICROELECTRONICS | § | |
| AMERICA INC., *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Renesas Electronics America Inc.'s ("Renesas America") and Renesas Electronics Corporation's (Renesas Electronics") (collectively "Renesas") motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. Nos. 92 and 140, respectively). In the motions, Renesas argues that Plaintiff's Amended Complaint's allegations of direct and indirect infringement fail to meet the pleading requirements set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 868 (2009). The Court has considered the parties' arguments and the applicable law and is of the opinion that the motions should be DENIED.

**I. Background**

Plaintiff Intravisual Inc. ("Intravisual") filed this patent infringement lawsuit against numerous defendants, including Renesas, on March 15, 2010. Plaintiff's Amended Complaint asserts that Renesas America and Renesas Electronics infringe United States Patent No. 6,614,845 (the "'845 patent") entitled "Method and Apparatus for Differential Macroblock Coding for Intra-Frame Data in Video Conference Systems." Specifically, the Amended Complaint alleges:

> Upon information and belief, Renesas has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to Renesas products with the following model numbers: EMMA3 (μPD61334A); EMMA3P (MC-10092); EMMA3PF (MC-10121); EMMA3SL/HD (MC-10085, MC-10086, MC-100087, and MC-10088); EMMA3SL/L (μPD61310, μPD61311, μPD61312, μPD61313, and μPD61314); EMMA3SL/LP (μPD61315, μPD61316, μPD61317, μPD61318, and μPD61319); EMMA3SL/P (μPD61320 and μPD61321); EMMA3SL/SD (μPD61304, μPD61305, μPD61306, μPD61307, μPD61308, and μPD61309); and EMMA3SV (μPD61300 and μPD61303).
>
> Upon information and belief, Renesas has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including but not limited to Renesas products with the following model numbers . . . throughout the United States, including in this judicial district.
>
> Upon information and belief, Renesas markets, supplies, and sells video decoders that comply with H.264, including but not limited to Renesas products with the following model numbers . . . with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.
>
> Upon information and belief, Renesas has actively induced others to infringe and contribute to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to Renesas products with the following model numbers . . . with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

Amended Complaint, Dkt. No. 71, ¶¶ 92-95. Renesas argues that Plaintiff's direct infringement claim must be dismissed because it fails to plead a specific location at which one of Renesas's accused products is made in the Unites states or specifically identify an individual who has purchased, attempted to purchase, used, or imported one of Renesas's products in the United States. In addition, Renesas asserts that by pleading its allegations "on information and belief," Plaintiff has specifically disclaimed that the information on which Plaintiff bases its claims is

factual, and, therefore, this information is not sufficient to state a claim under Federal Rule of Civil Procedure 12(b)(6). Finally, Renesas argues that Plaintiff's claims for inducement and contributory infringement should be dismissed because providing the information required in Form 18 of the Appendix to the Federal Rules of Civil Procedure is not sufficient to plead a claim of indirect infringement.

## II. Applicable Law

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has additionally pronounced two guiding principles in determining whether a complaint can survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is

3

inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, a complaint must state a plausible claim in order to survive a motion to dismiss. *Id.* This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The Federal Circuit has noted, however, that *Bell Atlantic* did not drastically change the pleading requirements of Rule 8(a) in patent infringement cases. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007). Relying on *Twombly*, the Federal Circuit stated that in order to state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *Id.* at 1357.

## III. Analysis

### A. The Amended Complaint Sufficiently Pleads Direct Infringement

Renesas argues that Plaintiff has failed to sufficiently plead facts to state a claim of direct infringement because the Amended Complaint fails to plead a specific location at which one of Renesas's accused products is made in the Unites states or specifically identify an individual who has purchased, attempted to purchase, used, or imported one of Renesas's products in the United States. However, the pleading requirement set forth in *Twombly* and *Iqbal* do not require a patentee to specifically identify where in the United States the accused products are made or name an individual who has purchased, attempted to purchase, used, or imported one of the accused products in the United States. To illustrate, the Federal Circuit has observed, post-*Twombly*, that a complaint for patent infringement is sufficient if it includes the elements in Federal Rule of Civil

4

Procedure Form 18's sample pleading for patent infringement. *See McZeal*, 501 F.3d at 1356-57 (describing the elements of Form 16, which is now Form 18, and explaining how the plaintiff's complaint included those elements). A patent infringement complaint that pleads at least the facts in Form 18 must be sufficient to state a claim under Rule 8(a) because to hold otherwise would render Federal Rule of Civil Procedure 84 a nullity. *See* FED. R. CIV. P. 84. ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."); *See also Bedrock Computer Technologies, LLC v. Softlayer Technologies, Inc.*, No. 6:09-cv-269, Dkt. No. 189, at * 4 (E.D. Tex. March 29, 2010) (Davis, L.) ("The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid.") (citing *Twombly*, 550 U.S. at 569 n.14; *McZeal*, 501 F.3d at 1360). Form 18 provides as follows:

> 1. (Statement of Jurisdiction--See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.

FED. R. CIV. P. FORM 18 (2007) (emphasis in original). Form 18 does not state where in the United States the accused products are made nor does it name an individual who has purchased, attempted to purchase, used, or imported one of the accused products in the United States. In fact, Form 18 does not even specifically plead that the infringement occurred in the United States.

5

Accordingly, such detailed factual allegations are not required to state a claim for patent infringement. Plaintiff's Amended Complaint alleges:

> Upon information and belief, Renesas has made, used, offered to sell, sold, and/or imported and continues to make, use, offer to sell, sell, and/or import in the United States video decoders that comply with H.264, including, but not limited to Renesas products with the following model numbers: EMMA3 (μPD61334A); EMMA3P (MC-10092); EMMA3PF (MC-10121); EMMA3SL/HD (MC-10085, MC-10086, MC-100087, and MC-10088); EMMA3SL/L (μPD61310, μPD61311, μPD61312, μPD61313, and μPD61314); EMMA3SL/LP (μPD61315, μPD61316, μPD61317, μPD61318, and μPD61319); EMMA3SL/P (μPD61320 and μPD61321); EMMA3SL/SD (μPD61304, μPD61305, μPD61306, μPD61307, μPD61308, and μPD61309); and EMMA3SV (μPD61300 and μPD61303).
>
> Upon information and belief, Renesas has infringed one or more claims of the '845 patent in violation of 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing video decoders that comply with H.264, including but not limited to Renesas products with the following model numbers . . . throughout the United States, including in this judicial district.
>
> Upon information and belief, Renesas markets, supplies, and sells video decoders that comply with H.264, including but not limited to Renesas products with the following model numbers . . . with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

Amended Complaint, Dkt. No. 71, ¶¶ 92-94. These allegations go beyond the basic allegations required by Form 18 and, therefore, are sufficient to state a claim for direct infringement and overcome a motion to dismiss. Accordingly, the Court DENIES Renesas's motions to dismiss on these grounds.

In addition, Renesas asserts that by pleading its allegations "on information and belief," Plaintiff has specifically disclaimed that the information on which Plaintiff bases its claims is not factual and, therefore, is not sufficient to state a claim under Federal Rule of Civil Procedure 12(b)(6). The parties' briefing centers of their different interpretation of the Fifth Circuit's holding in *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004). In *Johnson*, the Defendants argued

for dismissal under Rule 12(b)(6) because "[a]ll of Plaintiff's allegations regarding equal protection are made on 'information and belief' …." 385 F.3d at 531 n 19. The Fifth Circuit held that "'information and belief' pleadings are generally deemed permissible under the Federal Rules, especially in cases in which the information is more accessible to the defendant." *Id.* (citing CHARLES ALLAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1224 2nd Ed. 1990)). Similarly, in *Alford Safety Services, Inc. v. Hot-Hed, Inc.*, a Louisiana District Court, citing *Johnson*, rejected the contention that the plaintiff's patent infringement claims were fatally defective because they were pled 'on information and belief' and denied the defendant's motion to dismiss. 2010 WL 3418233, *8 (E.D. La. 2010). Here, the specifics of precisely how Renesas's products work and where, when, and to whom Renesas makes, uses, sells, offers to sell, or imports its allegedly infringing products is clearly more accessible to Renesas than to Plaintiff.

In addition, the advisory committee's notes to the 1993 amendments to Rule 11 of the Federal Rules of Civil Procedure state that

> sometimes a litigant may have good reason to believe that a fact is true or false but may need discovery, formal or informal, from opposing parties or third persons to gather and confirm the evidentiary basis for the allegation. Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances.

FED. R. CIV. P. 11 advisory committee's notes. Thus, Rule 11 plainly contemplates that pleadings based on information and belief are acceptable. However, in *Twombly*, the plaintiffs based one of their allegations (that the defendants had entered into an anti-competitive conspiracy) "upon information and belief," and the Supreme Court held that this allegation, without more, failed to provide sufficient facts "to state a claim to relief that is plausible on its face." 550 U.S. at 551,

7

127 S.Ct. 1955. The Court holds that allegations pled on "information and belief" should be reviewed in the same way as all factual allegations in a Complaint. That is, the Court will review them under *Twombly*'s 12(b)(6) formulation requiring sufficient facts pleading to make a claim plausible. The mere fact that allegations begin with the statement "on information and belief" will not automatically render them insufficient. Factual allegations made in a complaint must not be pled with absolute certainty so long as they are sufficient to make a claim plausible. As discussed above, Plaintiff has pled more than the minimum required to state a claim for patent infringement as illustrated in Form 18, and, therefore, its claim is sufficient to place Renesas on notice as to what it must defend and to overcome a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

### B. The Amended Complaint Sufficiently Pleads Indirect Infringement

Finally, Renesas argues that Plaintiff's Amended Complaint does not sufficiently plead indirect infringement because it does not indicate the identity of the requisite third-party direct infringers for induced infringement or that Renesas knew its products ware especially adapted to infringe the patent and had no substantial non-infringing use as required for contributory infringement. However, "neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *Fotomedia Techs., LLC v. AOL, LLC*, No. 2:07-cv-255, 2008 WL 4135906, at *2 (E.D. Tex., Aug. 29, 2008). This Court has held that so long as a complaint complies with Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure, its claims for direct and indirect patent infringement will survive a motion to dismiss. *Tune Hunter Inc. v. Samsung Telecommunications Am., LLC*, No. 2:09-cv-148-TJW, Dkt. No. 130, at *5-7 (E.D. Tex. Apr. 10,

2010) (Ward, J.). The Amended Complaint includes the following allegations related regarding Renesas's indirect infringement:

> Upon information and belief, Renesas has actively induced others to infringe and contribute to the infringement of one or more claims of the '845 patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to Renesas products with the following model numbers . . . with the knowledge and intent that such products are to be integrated into other downstream electronic products, and that such products are to be placed into national distribution networks throughout the United States, including in this judicial district.

Amended Complaint, Dkt. No. 71, ¶ 95. Not only do Plaintiff's claims in the Original Complaint comply with the requirements of Form 18, they exceeded it. Accordingly, the Court DENIES Renesas's motion to dismiss Plaintiff's claims for induced infringement and contributory infringement in the Amended Complaint.

## IV. Conclusion

For the reasons discussed above, Renesas Electronics America Inc's Motion to Dismiss (Dkt. No. 92) and Renesas Electronics Corporation's Motion to Dismiss (Dkt. No. 140) are DENIED.

It is SO ORDERED.

SIGNED this 18th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE