**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTRAVISUAL INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:10-cv-90 (TJW) |
| v. | ) ) | JURY DEMANDED |
| FUJITSU LIMITED *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**EMERGENCY AGREED MOTION BY PLAINTIFF INTRAVISUAL INC.
FOR CLARIFICATION AS TO THE COURT'S ORDER
OF JULY 20, 2011 REGARDING JURISDICTIONAL DISCOVERY**

Plaintiff Intravisual Inc. ("Intravisual") respectfully requests clarification from the Court as to the substance and effect of its July 20, 2011 Order, which requires jurisdictional discovery to be completed within 30 days.[1] In particular, Intravisual respectfully requests that the Court clarify that the July 20, 2011 Order granting jurisdictional discovery applies to defendant NXP B.V. ("NXP"), rather than to dismissed-defendant Marvell Technology Group Limited ("Marvell").

On July 19, 2011 Intravisual filed a Notice of Request for a Status Conference[2] informing the Court that there were two motions to dismiss for lack of personal jurisdiction currently pending ― one filed by Renesas Electronics Corp.[3] ("Renesas") and one filed by NXP.[4] In

---

[1] Dkt. No. 214.

[2] Dkt. No. 212.

[3] Dkt. No. 139.

[4] Dkt. No. 163.

opposition to both of these motions, Intravisual has requested jurisdictional discovery.[5] The following day, the Court granted Intravisual's request "for jurisdictional discovery in its responses to two motions to dismiss for lack of personal jurisdiction. (Dkt. Nos. 160 & 164.)."[6] In granting the requests, however, Intravisual respectfully submits that the Court mistakenly referred to Dkt. No. 164, which is Intravisual's opposition to Marvell's motion to dismiss for lack of personal jurisdiction, rather than Dkt. No. 179, Intravisual's opposition to NXP's motion to dismiss for lack of personal jurisdiction. Marvell was dismissed from the case pursuant to a settlement agreement on December 6, 2010, and thus Intravisual's previous request for jurisdictional discovery from Marvell is moot.[7]

      Counsel for NXP B.V. expeditiously brought this issue to the attention of Intravisual. Counsel for NXP B.V. agrees that clarification is appropriate to clarify whether the order contains a typographical error, or instead reflects the Court's determination on the merits that Intravisual has not made a sufficient showing to entitle it to jurisdictional discovery as to NXP B.V. Accordingly, due to the expedited nature of the discovery ordered by the Court, Intravisual respectfully requests on an emergency basis that the Court clarify whether the July 20, 2011 order granting jurisdictional discovery applies to defendant NXP B.V.

---

[5] *See* Dkt. No. 160 at 11; Dkt. No. 179 at 8-9.

[6] Dkt. No. 214. Dkt. No. 160 is Intravisual's opposition to Renesas's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2).

[7] *See* Dkt. Nos. 175 and 176.

Date: July 28, 2011                                      Respectfully submitted,

                                               /s/ Alan M. Fisch
Alan M. Fisch
District of Columbia Bar No. 453068
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Tel: (202) 682-3500
Fax: (202) 682-3580
Email: alan.fisch@kayescholer.com

*Attorney for Plaintiff Intravisual Inc*.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on July 28, 2011, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

/s/ Alan M. Fisch