**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTRAVISUAL INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:10-cv-90 (TJW) |
| v. | ) ) ) | JURY DEMANDED |
| FUJITSU LIMITED *et al.*, | ) ) | |
| Defendants. | ) ) | |

**EMERGENCY MOTION BY PLAINTIFF INTRAVISUAL INC. TO
COMPEL DEFENDANT NXP B.V. TO COMPLY WITH THE COURT'S
JULY 20, 2011 ORDER REGARDING JURISDICTIONAL DISCOVERY**

**Preliminary Statement**

"Identify all real property in the State of Texas owned, leased, or otherwise controlled by any NXP entity from March 15, 2004 to the present" is just one of the six propounded interrogatories that defendant NXP B.V. ("NXP") refuses to answer in defense of its own motion challenging jurisdiction in this forum. Defendant NXP has also declined to produce the documents responsive to plaintiff Intravisual's requests targeted to NXP's jurisdictional challenge and has declined to set a date certain for a 30(b)(6) deponent.

Plaintiff Intravisual respectfully requests that this Court again order NXP to participate fully in limited jurisdictional discovery, including establishment of a date certain and location for NXP's jurisdictional 30(b)(6) deposition and production of the information requested by

1

Intravisual; or alternatively deny as moot NXP's motion for its failure to permit Intravisual a full and fair opportunity to defend against it.[1]

## Argument

On November 9, 2010, defendant NXP filed a motion to dismiss for lack of personal jurisdiction.[2] In support of that motion, NXP submitted a carefully worded declaration from its General Counsel claiming that NXP is merely a holding company that has no relationship to the accused products and no contacts with the State of Texas.[3] As plaintiff Intravisual demonstrated in its opposition, personal jurisdiction is proper, at a minimum, because NXP, in connection with its wholly owned and controlled subsidiaries, intentionally placed the accused products in the stream of commerce with the intention that they be incorporated into end products sold to customers in the State of Texas.[4] Intravisual further pointed out that where, as here, a defendant seeks to defeat a *prima facie* case of jurisdiction based on facts that are exclusively in its possession, jurisdictional discovery to test those facts is appropriate.[5]

In its July 20, 2011 Order, the Court properly refused to take NXP's self-serving declaration at face value and granted Intravisual jurisdictional discovery to test NXP's claims. Shortly after the Court's Order, on July 25 and 26, 2011, Intravisual served jurisdictional discovery requests on NXP.[6] Although NXP was the only party beside Renesas remaining in the

---

[1] Because the Court ordered expedited jurisdictional discovery, and Intravisual only received NXP's written responses on August 11, 2011 after the close of business, and NXP's document production on August 15 and 16, Intravisual respectfully submits the present motion on an emergency basis.
[2] Dkt. No. 163.
[3] *See* Declaration of Guido Dierick in Support of NXP B.V.'s Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. No. 163-1.
[4] *See* Intravisual Inc.'s Opposition to Defendant NXP B.V.'s Motion to Dismiss for Lack of Personal Jurisdiction (hereinafter "Intravisual's Opposition") at 2-8, Dkt. No. 179.
[5] *Id.* at 8-9; *see also* Intravisual Inc.'s Surreply in Opposition to NXP B.V.'s Motion to Dismiss for Lack of Personal Jurisdiction at 3-4, Dkt. No. 182.
[6] The Court's July 20, 2011 Order also granted Intravisual jurisdictional discovery from Renesas Electronics Corporation ("Renesas"). Intravisual served jurisdictional discovery on Renesas at the same time as NXP. Intravisual and Renesas have subsequently agreed to a settlement in principal and are in the process of finalizing a formal agreement. *See* Dkt. No. 220.

2

case that had filed a motion to dismiss for lack of personal jurisdiction, NXP initially disputed that the Court's Order applied to it.[7] In an effort to expedite the discovery process, Intravisual filed an emergency, agreed motion seeking clarification of the Court's Order.[8] That same day, the Court granted Intravisual's clarification motion in a July 28, 2011 Order, specifying that its jurisdictional discovery Order applied to NXP.[9]

In an effort to foster goodwill, Intravisual agreed to calculate the deadline for NXP's discovery obligations from the date of the Court's clarifying order. NXP, however, has refused to meaningfully participate in the jurisdictional discovery ordered by the Court. To date, NXP has produced only 84 documents, all but three of which are publicly available from NXP or third parties.[10] In addition, NXP has refused to answer any interrogatories beyond the information provided in its General Counsel's declaration, and has even threatened to seek a protective order to preclude any 30(b)(6) deposition testimony.

Intravisual has attempted to work with NXP in this process by offering multiple discovery accommodations. First, Intravisual agreed to take the 30(b)(6) deposition of NXP in The Netherlands, despite the United States presence of NXP's lawyers and business people. Second, Intravisual also offered to move the Court jointly for an extension of NXP's deadlines by two or more additional weeks to accommodate the vacation schedules of NXP and its counsel, and for NXP to collect materials that it presumably had at its disposal nine (9) months ago when it filed its motion challenging jurisdiction. But now, Intravisual cannot bend any further without

---

[7] Declaration of Jessica Cummings ("Cummings Decl." attached hereto as Ex. A) at Ex. 1, (July 26, 2011 email from Denise De Mory to Alan M. Fisch).
[8] Dkt. No. 215.
[9] Dkt. No. 216.
[10] The three non-public documents produced are agreements between NXP and Trident Microsystems, Inc ("Trident") which were received by counsel for Intravisual only today. Because these documents contain confidential information, and the present motion is not being filed under seal to expedite bringing the issue to the Court's attention, Intravisual is unable to refer to them at present but reserves the right to do so in reply. Of the remaining 81 documents, all but one are public regulatory filings from either NXP, Trident or Virage Logic Corporation. The remaining document is NXP's publicly available Articles of Association.

prejudicing its own case. In bringing its jurisdictional challenge over nine (9) months ago, it should have been entirely foreseeable to NXP that jurisdictional discovery would be permitted. Yet, instead of inviting open review of the jurisdictional facts — which could have obviated the need for the underlying jurisdictional motions practice — NXP has chosen to hide the ball.

Indeed, in response to Intravisual's discovery requests, NXP has unilaterally sought to define the scope of relevant information and refused to provide practically any information beyond that which it previously submitted to the Court. For example, in response to virtually all of Intravisual's requests for production, NXP contends that "it has no documents relating to the Accused Products placed into the stream of commerce by NXP B.V."[11] Similarly, in response to all six interrogatories, NXP has refused to provide any information beyond the previously submitted declaration of its General Counsel, making the same assertion that it "is a sub-holding company, and does not make, use, sell, or offer for sale any product, nor has it done so in the timeframe requested" and thus "[b]ecause NXP does not sell any products, there is no information specific to NXP that is responsive."[12] The Court has already considered, and rejected, NXP's attempts to avoid personal jurisdiction based on these bare assertions.

For this motion to be properly heard on the merits, Plaintiff Intravisual must be permitted to access and test the underlying facts (beyond NXP's General Counsel's uncorroborated declaration). Although Intravisual respectfully submits that NXP should be ordered to provide complete responses to all discovery requested, Intravisual identifies the following areas where NXP's responses have been glaringly deficient.

---

[11] Cummings Decl. at Ex. 2, (Defendant NXP B.V.'s Objections and Responses to Plaintiff Intravisual Inc.'s First Set of Jurisdictional Requests for Production (hereinafter the "Objections to Jurisdictional Requests")) at 9.
[12] Cummings Decl. at Ex. 3, (Defendant NXP B.V.'s Objections and Responses to Plaintiff Intravisual Inc.'s First Set of Jurisdictional Interrogatories (hereinafter the "Objections to Jurisdictional Interrogatories")) at 6.

A.  **NXP Has Refused to Provide Documents Regarding Sales of the Accused Products[13]**

Evidence of the sales of the accused products is directly relevant to showing how NXP, either alone or in concert with its wholly owned and controlled subsidiaries, placed the accused products into the stream of commerce.[14] NXP, however, claims that it has no responsive documents relating to sale of the accused products to produce. Yet according to its own regulatory filings, NXP is "one of the world's largest semiconductor companies."[15] NXP further holds itself out as "the parent company of the NXP Group,"[16] reports the results of its wholly owned and controlled subsidiaries on a consolidated basis as the results of NXP,[17] and uses its wholly owned and controlled subsidiaries to guarantee its debts.[18] Regardless, therefore, of whether such evidence ultimately establishes personal jurisdiction — the question that the Court, not NXP, must determine — information regarding the sales of the accused products is clearly in NXP's control and should be produced to enable full resolution of NXP's motion on the merits.[19]

In addition, by its Amended Complaint, Intravisual has accused NXP's chips used in high-definition video applications, specifically those that comply with ITU-T Recommendation H.264, Advanced Video Coding for Generic Audiovisual Services (the "H.264 Standard"), of

---

[13] Cummings Decl. at Ex. 4, (Plaintiff Intravisual Inc.'s First Set of Jurisdictional Requests for Production to Defendant NXP B.V. (hereinafter the "Jurisdictional Requests")) Nos. 1-5, 8-10, 14-15, and 23-25, Cummings Decl. at Ex. 5, (Plaintiff Intravisual Inc.'s First Set of Jurisdictional Interrogatories to Defendant NXP B.V. (hereinafter the "Jurisdictional Interrogatories")) Nos. 1-3 and 6, and Cummings Decl. at 6, (Notice of 30(b)(6) Deposition of NXP B.V. Deposition Topics (hereinafter "30(b)(6) Deposition Topics") Nos. 1-3 and 6 seek this basic sales information.
[14] *See*, *e.g.*, *GSK Techs., Inc. v. Schneider Elec., S.A.*, No. 6:06-cv-361, 2007 U.S. Dist. LEXIS 17699 at *8-9 (E.D. Tex. Mar. 14, 2007) (finding personal jurisdiction based on the stream of commerce over defendants that, *inter alia*, identified and advertised themselves interchangeably with an in-state subsidiary to promote the accused products); *see also* Intravisual's Opposition at 2-8, Dkt. No. 179.
[15] Cummings Decl. at Ex. 7, (NXP, B.V., Form F-4 (April 23, 2007)) at 1.
[16] Cummings Decl. at Ex. 8, (NXP, B.V., Form 20-F (June 30, 2010)) at F-9.
[17] *Id.* at F-11.
[18] *Id.* at 73, 89.
[19] *See, e.g., Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 305 (M.D.N.C. 1998) (("[A] litigating parent corporation has control over the documents in the physical possession of its subsidiary corporation where the subsidiary is wholly owned or controlled by the parent corporation.") (internal quotations omitted).

infringing U.S. Patent No. 6,614,845.[20] Intravisual has sought discovery regarding NXP's activities with respect to its products that comply with the H.264 Standard, and has specifically identified certain chips advertised by NXP as complying with the H.264 standard.[21] NXP has refused to provide discovery on any products other than those specifically enumerated, claiming that the definition of "any product that made, used, offered for sale and/or sold by You that complies with ITU-T Recommendation H.264, Advanced Video Coding For Generic Audiovisual Services" is vague and ambiguous.[22] Yet, NXP clearly knows which of its products comply with the H.264 standard because it advertises and promotes its products as having this feature.[23] Given that NXP's activities with respect to these products are directly relevant for personal jurisdiction, NXP should be required to provide discovery with respect to all of its H.264-compliant products.

### B. NXP Has Refused to Provide Documents Relating to Trident Microsystems, Inc.[24]

NXP sold its set-top box and HDTV business to Trident Microsystems, Inc. ("Trident"), a defendant in this litigation, in February 2010.[25] At least some of the accused H.264-compliant products were part of that set-top box and HDTV business. These filings further indicate that, as part of that transaction, NXP provided, and continues to provide, manufacturing, transition, and

---

[20] Am. Compl., Docket No. 71 ¶¶ 70-73. The products alleged to infringe in the complaint are "video decoders that comply with H.264, including, but not limited to NXP products with the following model numbers: TV543, TV550, CX2450x, PNX8336, PNX1700EH, PNX1701EH, PNX1702EH, PNX1500E, PNX1501E, and PNX1502E." *Id.* at ¶ 71.
[21] *See* Cummings Decl. at Ex. 4, (Jurisdictional Requests) at 4, Nos. 1-15, 20-22, and 25; Cummings Decl. at Ex. 5, (Jurisdictional Interrogatories) Nos. 1-3 and 5-6.
[22] *See* Cummings Decl. at Ex. 2, (Objections to Jurisdictional Requests) at 5; Cummings Decl. at Ex. 3, (Objections to Jurisdictional Interrogatories) at 4.
[23] *See*, *e.g.*, Cummings Decl. at Ex. 9, (NXP's MPEG-4/H.264 LCD TV Solution TV543 product information webpage); and Cummings Decl. at Ex. 10, (NXP's PNX-953x Product Brochure (dated June 2010)) at 4.
[24] Cummings Decl. at Ex. 4, (Jurisdictional Requests) Nos. 6-7, and Cummings Decl. at Ex. 6, (30(b)(6) Deposition Topics) No. 5 seek information related to Trident.
[25] Cummings Decl. at Ex. 11, (NXP B.V. Form 6-K (March 1, 2010)) at 4; Cummings Decl. at Ex. 12, (Trident Microsystems, Inc. Form 10-Q (Feb. 26, 2011)) at 28.

contract services to Trident.[26] Indeed, according to NXP's Statutory Annual Report, NXP currently "produce[s] and sell[s] wafers and packaging services" to Trident and will continue to do so until January 2013.[27] In addition, NXP has $39 million of inventory that it is providing to Trident throughout 2011,[28] NXP owns 59% of Trident with significant voting rights,[29] NXP reports Trident's results in its financial reports under the equity method,[30] and NXP's Executive Director, President, and CEO sits on the board of Trident.[31] Trident has a facility in Texas (and is therefore a Texas resident),[32] and thus NXP's activities with respect to Trident are directly relevant to its contacts with Texas, including its efforts to target Texas by placing the accused products into the stream of commerce. NXP — which Trident indentifies in its regulatory filings as *the* party to these agreements and transactions[33] — should be required to provide discovery regarding its relationship to Trident and, in particular, the activities and services NXP provides to Trident with respect to the accused products.[34]

### C. NXP Has Refused to Provide Any Information Relating to Its Customers[35]

In its SEC filings, as well as on its website, NXP tells the world that its largest "direct" customers are Apple, Bosch, Continental, Delphi, Ericsson, Nokia, Nokia Siemens Networks, Panasonic, Philips and Samsung.[36] In these same SEC filings, NXP also tells the world that it sells its products through Original Equipment Manufacturer ("OEM") and Original Design

---

[26] Cummings Decl. at Ex. 12, (Trident Microsystems, Inc. Form 10-Q (May 5, 2011)) at 22-23.
[27] Cummings Decl. at Ex. 13, (Statutory Annual Report for the Financial Year Ended December 31, 2010 for NXP B.V.) at 8-9.
[28] *Id.* at 87.
[29] *Id.* at 69.
[30] *Id.*
[31] *Id.* at 17-18.
[32] Cummings Decl. at Ex. 14, (Trident Microsystems: Contact webpage).
[33] Cummings Decl. at Ex. 12, (Trident Microsystems, Inc. Form 10-Q (May 5, 2011)) at 9 and 22-23.
[34] Although NXP has produced certain agreements with Trident, these do not cover the full scope of the requests.
[35] Cummings Decl. at Ex. 4, (Jurisdictional Requests) Nos. 2-5, 8, 11, 12, 14, and 15, Cummings Decl. at Ex. 5, (Jurisdictional Interrogatories) Nos. 1-3 and 6, and Cummings Decl. at Ex. 6, (30(b)(6) Deposition Topics) Nos. 1 and 3 seek information related to NXP's Direct, Indirect, OEM and ODM customers. With the exception of the term "Indirect Customer," these are all terms NXP uses in its regulatory filings.
[36] Cummings Decl. at Ex. 8, (NXP B.V., Form 20-F (June 30, 2010)) at 35.

Manufacturer ("ODM") customers, including Bose, Huawei, Motorola, Research in Motion, and Dell.[37] Several of these customers are based in or have United States headquarters in Texas (*e.g.*, Continental,[38] Dell[39] and Research in Motion[40]), while several others have a significant Texas presence (*e.g.*, Apple[41] and Nokia Siemens Networks[42]).  NXP further tells the world in its regulatory filings that one of NXP's "business strategies is to participate in and win competitive bid selection processes to develop products for use in our customers' equipment and products."[43] Indeed, NXP has issued several press releases specifically announcing that its H.264-compliant products are to be incorporated in end products likely sold into the State of Texas, such a DirecTV set top boxes.[44]  These knowing efforts by NXP to directly or indirectly sell its products into end products sold to customers in the State of Texas are directly relevant to the question of personal jurisdiction.  NXP cannot avoid its discovery obligations, and should be required to produce this information.

### D. NXP Has Refused to Provide Any Information Relating to Its Distributors[45]

NXP works with United States distributors to distribute the accused H.264-compliant products and identifies Arrow Electronics, Inc., Avnet, Inc., Future Electronics, WPG Holdings, Ltd., Digi-key Corporation, Mouser Electronics, Inc. and Premier Farrell plc as its key

---

[37] *Id*. at 26, 35, and 109.
[38] Continental is headquartered in Houston, Texas.  *See* Cummings Decl. at Ex. 15, (Continental Headquarters Location webpage).
[39] Dell is headquartered in Round Rock, Texas.  *See* Cummings Decl. at Ex. 16, (Dell Contact Us webpage).
[40] Research in Motion's US headquarters are in Irving, Texas.  *See* Cummings Decl. at Ex. 17, (RIM Contact Information webpage).
[41] Apple has 16 retail stores in the State of Texas.  *See* Cummings Decl. at Ex. 18, (Apple Retail Store: Store List webpage).
[42] Nokia Siemens Networks has locations in Forth Worth and Irving, Texas.  *See* Cummings Decl. at Ex. 19, (Nokia Siemens Networks: US webpage).
[43] Cummings Decl. at Ex. 8, (NXP B.V., Form 20-F (June 30, 2010)) at 5.
[44] *See, e.g.*, Cummings Decl. at Ex. 20, (NXP Press Releases).
[45] Cummings Decl. at Ex. 4, (Intravisual's Jurisdictional Requests) Nos. 5, 10, and 13, Cummings Decl. at Ex. 5, (Jurisdictional Interrogatories) Nos. 2 and 6, and Cummings Decl. at Ex. 6, (30(b)(6) Deposition Topics) Nos. 2 and 3 seek information related NXP's distributors.

distributors.[46]  Some of those distributors have locations in the State of Texas and specially target Texas residents.[47]  Such sales through distributors are highly relevant evidence of placing products into the stream of commerce with the expectation that they will reach Texas residents thereby supporting personal jurisdiction.[48]  NXP should be compelled to produce such evidence.

### E. NXP Has Refused to Provide Any Information Regarding Texas Activities[49]

As the Supreme Court recently clarified, specifically targeting a state by putting goods into the stream of commerce is only one way in which a defendant can "purposefully avail itself of the privilege of conducting activities within the forum State."[50]  Naturally, conducting activities within the forum state would be another way in which a defendant purposefully avails itself of the forum state.  Nonetheless, NXP has refused to provide any interrogatory response or document regarding its own activities in Texas.  These activities include information regarding NXP and its subsidiaries' contacts, taxes, revenues, sales, marketing, real property holdings, employee travel, and technical support in the state of Texas.[51]  For example, if NXP owned or leased any properties Texas, or provided marketing, sales, or research and development activities in Texas in connection with its set-top box and HDTV business prior to Trident's acquisition of that business, such activities would support a finding of jurisdiction in this case.  Moreover, even

---

[46] Cummings Decl. at Ex. 8, (NXP B.V., Form 20-F (June 30, 2010)) at 27.
[47] Arrow Electronics, Inc. has four locations in Texas, *see* Cummings Decl. at Ex. 21, (Arrow Electronics: Office Locations webpage); Avnet Electronics has five locations in Texas, *see* Cummings Decl. at Ex. 22, (Avenet Electronics Marketing: Locations webpage); WPG Holdings, Ltd. has one location in Texas, *see* Cummings Decl. at Ex. 23, (WPG Americas: Contact webpage); and Mouser Electronics' corporate headquarters are in Mansfield, Texas, *see* Cummings Decl. at Ex. 24, (Mouser Electronics: Contact Information wepage.)
[48] *See J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011)  ("[A] defendant may in an appropriate case be subject to jurisdiction without entering the forum — itself an unexceptional proposition — as where manufacturers or distributors 'seek to serve' a given State's market."); *see also* Intravisual's Opposition to NXP B.V.'s Motion to Dismiss (Dkt. No. 179) at 3, 5-6.
[49] Cummings Decl. at Ex. 4 (Intravisual's Jurisdictional Requests) Nos. 10-18 and 22, Cummings Decl. at Ex. 5, (Jurisdictional Interrogatories) Nos. 2-3 and 5-6, and Cummings Decl. at Ex. 6, (30(b)(6) Deposition Topics) Nos. 2 and 3 seek information related to NXP's Texas activities.
[50] *J. McIntyre*, 131 S. Ct. at 2788.
[51] *See* Cummings Decl. at Ex. 5, (Jurisdictional Interrogatories) at 7-9; Cummings Decl. at Ex. 4, (Jurisdictional Requests) at 11-12.

if these activities do not relate to the accused products, they may support a finding of general jurisdiction over NXP, and are thus relevant to the jurisdictional inquiry.

## CONCLUSION

The Court granted Intravisual's request for jurisdictional discovery to allow Intravisual to test the factual assertions made by NXP in support of is motion to dismiss. Having raised the issue of personal jurisdiction with the Court, NXP should not be permitted to shirk the discovery obligations created by its own motion. Intravisual respectfully requests that this Court again order NXP to participate fully in limited jurisdictional discovery, including establishment of a date certain and location for NXP's jurisdictional 30(b)(6) deposition and production of the information requested by Intravisual; or alternatively deny as moot NXP's motion for its failure to permit Intravisual a full and fair opportunity to defend against it.

Date:  August 16, 2011

Respectfully submitted,

/s/ Alan M. Fisch
Alan M. Fisch
District of Columbia Bar No. 453068
Howard I. Sherman (*pro hac vice*)
KAYE SCHOLER LLP
901 15th Street, NW
Washington, DC 20005
Tel:  (202) 682-3600
Fax:  (202) 682-3580
Email: alan.fisch@kayescholer.com
Email: howard.sherman@kayescholer.com

Oliver C. Bennett (*pro hac vice*)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Tel:  (212) 836-8000
Fax:  (212) 836-8689
Email: oliver.bennett@kayescholer.com

*Attorneys for Plaintiff Intravisual Inc*.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on August 16, 2011, pursuant to Local Rule CV-5(a) and has been served on all counsel who have consented to electronic service.

/s/ Alan M. Fisch
Alan M. Fisch

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirements of Local Rule CV-7(h) and that the present motion is opposed.  On August 12, 2011 counsel for Intravisual Inc., Oliver Bennett and Howard Sherman, and counsel for NXP B.V., Denise De Mory, Aaron Hand, and Elizabeth DeRieux, met telephonically to discuss Intravisual's jurisdictional discovery requests and NXP's objections and responses thereto.  The parties discussed the scope of discovery contemplated by the Court's order and the relevance of the requests served, but were unable to reach agreement as to these issues.  A subsequent telephonic meet and confer was held on August 16, 2011 between counsel for Intravisual, Alan Fisch, Oliver Bennett, and Howard Sherman and counsel for NXP, Denise De Mory, Aaron Hand, and Elizabeth DeRieux.  The parties continued to discuss the scope of the Court's order and relevance of the requests, but no agreement was reached.  The parties agreed that the discussions have conclusively ended in an impasse, leaving the issue open for the court to resolve.

/s/Alan M. Fisch
Alan M. Fisch