IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INTRAVISUAL, INC., | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:10-CV-90-TJW |
| FUJITSU LIMITED, ET AL., | § § § | |
| *Defendants*. | § § § | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Before the Court are the Moving Defendants'[1] motions to transfer venue to the United States District Court for the Southern District of California or the Northern District of California. (Dkt. Nos. 181 & 187.)  The Court, having considered the venue motions and the arguments of counsel, DENIES the motions to transfer venue. As will be discussed below, the Moving Defendants have not met the threshold burden of showing that either transferee venue is one where this suit could have been brought. *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech*

---

[1] The Moving Defendants include Defendant Qualcomm Incorporated (Dkt. No. 181) and Defendants Fujitsu Semiconductor America, Inc., Fujitsu Limited, Panasonic Corporation, Panasonic Corporation of North America, Renesas Electronics America Inc., and Trident Microsystems, Inc. (Dkt. No. 187). Although two motions were filed separately, the Court will consider them at the same time given the similar relief requested and the fact that in a motion to transfer venue the Court must consider the convenience of all parties in this action.

*USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

## II. Discussion

### A. Legal Standard for Motions to Transfer Venue

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy,

expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized [disputes] decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

### B. Analysis of the Threshold Question of Proper Venue in the Transferee Venues

Because the Moving Defendants have failed to prove that this case could have been brought in the Northern District of California or Southern District of California, the Moving Defendants' motions fail from the start. The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagon I*, 371 F.3d at 203. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Not all defendants in this case have joined in the motion to transfer venue, and the Moving Defendants in this case have failed to prove that the other defendants (i.e., the defendants that did not join in the motion to transfer) would be subject to personal jurisdiction in the Northern District of California or the Southern District of California.[2] The Court is particularly familiar with Defendant NXP B.V., who filed a motion to dismiss for lack of personal jurisdiction in this case.

---

[2] The Court is considering all the defendants that were named in Plaintiff's Amended Complaint. (Dkt. No. 71.) The Amended Complaint was filed over six months before the present motions to transfer venue were filed.

(Dkt. No. 163.)   Based on that motion, NXP B.V.'s position appeared to be that it is not subject to jurisdiction in any United States court because it is merely a foreign holding company.   As a result of that motion, the Court allowed jurisdictional discovery with respect to NXP, B.V. that subsequently led to an emergency motion to compel NXP, B.V. to comply with that discovery. (Dkt. No. 221.)   After the Court set the motion to compel for a hearing, the parties apparently reached an agreement whereby NXP, B.V. would stipulate to personal jurisdiction in "this Court" and Plaintiff Intravisual would withdraw its motion to compel and other motions.   (Dkt. No. 225.) Although NXP, B.V. is now clearly subject to jurisdiction in this Court, on the other hand, this Court is not aware of any facts that the Moving Defendants have pointed to that would establish personal jurisdiction of NXP, B.V. in California.   And NXP, B.V. has not joined the motion to transfer to either venue in California.   In light of these facts, this Court cannot transfer this case to either proposed transferee venue in California.

The Moving Defendants' reliance on *Software Rights Archive, LLC v. Google, Inc.* is misplaced.   No. 2:07-CV-511-CE, 2010 WL 2950351 (E.D. Tex. July 22, 2010).   In that case, the court stated that "[a]s SRA has accused Lycos of nationwide acts of infringement, including the Eastern District of Texas and the Northern District of California, the Northern District of California has at least specific jurisdiction over Lycos."   *Id.* at *2.   Although the Moving Defendants are correct that Plaintiff Intravisual has made similar allegations of nationwide acts of infringement in this case, *Software Rights* is distinguishable.   In the *Software Rights* case, defendant Lycos had already consented to personal jurisdiction in that case, (*see* Lycos' Answer, Case No. 2:07-cv-511-CE, Dkt. No. 48, at 2.) and never filed any type of motion contesting jurisdiction.   In addition, Lycos was one of the parties that had moved to transfer, and as a result,

had implicitly consented to personal jurisdiction in the transferee forum. *C.f. Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1149 (5th Cir. 1984) (stating that "[b]y filing its motion for transfer, [the defendant] had waived its objection [of forum non conveniens] in the [transferee forum]") (*overruled on other grounds by In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir. 1987). As a result, there was essentially no need for the court to inquire in depth with respect to whether Lycos would be subject to jurisdiction in the transferee forum. In contrast with the present facts, NXP, B.V. has not joined the motion to transfer and the Moving Defendants have not presented evidence to meet their burden to prove NXP, B.V. would be subject to jurisdiction in California.

Therefore, the Moving Defendants have not met their threshold burden to show that this case could have been brought in the Northern District of California or Southern District of California. In accordance, the Court need not address the private and public interest factors.

### III. Conclusion

For the foregoing reasons, the Court DENIES the Moving Defendants' motions to transfer to the Northern District of California or Southern District of California. (Dkt. Nos. 181 & 187.)

It is so ORDERED.
SIGNED this 20th day of September, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE